Wachtler, J.
(dissenting). I believe the essence of the division’s holding in this case is that the city university carried affirmative action too far when it employed the practice in firing employees to maintain ethnic balance. There is substantial evidence to support the finding that the city university was actively committed to an affirma *81 tive action program which thus far had been properly limited to hiring. The statistics show that after the retrenchment the ethnic balance remained the same. This, of course, could be the natural result of a more or less random across the board reduction in which case the practice would be legitimate. But concededly conflicting inferences could be drawn and it is the division’s province to determine which is the proper one. Indeed the president’s own statement, that in formulating the retrenchment plan one of his goals or “concerns” was that “no group be penalized any more than the other and that the affirmative efforts of the university not be reversed by the retrenchment” could be considered a type of concession.
We have repeatedly noted that the scope of judicial review in these cases is extremely narrow (see, e.g., Matter of Imperial Diner v State Human Rights Appeal Bd., 52 NY2d 72). The question is not whether we find the proof of discrimination convincing, but whether the division could do so. Because the evidence before the division in this case would at least support such an inference the court should not disturb the division’s determination.